# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

In re:

STERLING WH COMPANY, LLC,

Debtor.

Case No. 09-18914-RGM
(Chapter 11)

## MEMORANDUM OPINION AND ORDER

This case was before the court on the debtor's motion to approve a sale/leaseback financing transaction and other relief. The motion was denied as stated in the order of this court entered on February 29, 2012 (Docket Entry 288).

The court notes that the debtor requested that the stay imposed by Fed.R.Bankr.P. 7062 be waived. The motion was denied for the reasons stated on the record and in the order. The court did not address the request to waive the stay imposed by Rule 7062 but notes that the order drafted by debtor's counsel included this relief. Counsel for ProLogis, who successfully opposed the motion, noted his objection to the requested wavier of Rule 7062 and for other reasons not relevant here.

Rule 7062 is applicable by its own terms only in adversary proceedings. This was brought by motion and was a contested matter under Rule 9014. Consistent with Rule 7062, Rule 9014(c) does not include Rule 7062 as one of the rules made applicable to a contested matter. Moreover, Rule 7062 which incorporates Fed.R.Civ.P. 62 only acts to stay proceedings to enforce a judgment. The debtor did not prevail. There is no judgment to enforce.

Nor do the stays under rule 4001(a)(3) or Rule 6004(h) apply. Rule 4001(a)(3) only applies if the order *grants* a motion for relief from an automatic stay. This motion was not a motion with

1

respect to the automatic stay. The automatic stay terminated upon the confirmation of the debtor's chapter 11 plan. In any event, relief from the automatic stay was not *granted*. Similarly, Rule 6004(h) only applies to an order *authorizing* the use, sale or lease of property. While the motion sought approval of a sale/leaseback, ProLogis successfully defeated the motion. The order denies the requested relief. It does not *authorize* it.

The motion was denied as more particularly stated on the record and in the order because, as ProLogis successfully argued, as a reorganized debtor, Sterling WH Company, LLC, has the authority without the necessity of an order of this court to enter into the transaction, and as ProLogis successfully argued, §363(b) and (c) apply only to a trustee. The re-organized debtor is no longer a debtor-in-possession with the powers of a trustee.

The court concludes that inclusion of the reference to Rule 7062 in the order of February 29, 2012 (Docket Entry 288) was unnecessary and that the order is not stayed by Rules 4001(a)(3), 6004(h) or 7062.

In consideration of which, it is

ORDERED that neither this order nor the order of February 29, 2012 (Docket Entry 288) are stay by Rules 4001(a)(3), 6004(h) or 7062.

Alexandria, Virginia
February 29, 2012

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

copies to:

Christopher L. Rogan          Donald J. Detweiler
Courtney Sydnor               Gordon Woodward                              17559